1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Margret M. Caruso (Bar No. 243473)
2    Cheryl A. Galvin (Bar No. 252262)
   555 Twin Dolphin Drive, 5th Floor
3  Redwood Shores, California  94065-2139
   Telephone:  (650) 801-5000
4  Facsimile:   (650) 801-5100

5  Attorneys for Defendant Google Inc.

10                    UNITED STATES DISTRICT COURT

11                   SOUTHERN DISTRICT OF CALIFORNIA

13 | HANGINOUT, INC,                    | CASE NO. 13-CV-2811 AJB NLS
14 |         Plaintiff,                 | **GOOGLE'S OBJECTIONS TO DECLARATION AND EXHIBITS SUBMITTED BY PLAINTIFF HANGINOUT IN SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION**
15 |     vs.                            |
16 | GOOGLE INC.,                       |
17 |         Defendant.                 |
18 |                                    | **ORAL ARGUMENT REQUESTED**
19 |                                    | Date:    April 25, 2014
   |                                    | Time:    4:00 p.m.
20 |                                    | Courtroom 3B
   |                                    | Judge: Hon. Anthony J. Battaglia

Defendant Google Inc. ("Google") hereby objects to the Declaration of Justin Malone and exhibits thereto filed in support of Plaintiff Hanginout, Inc.'s ("Hanginout") motion for preliminary injunction as follows:

1. Paragraph 6, Exhibit 1: Wayback Machine screen capture.

**Objections:** **Hearsay (FRE 802)**—this document cannot be used to assert the truth of the matter asserted, that Hanginout first adopted the Hanginout mark in November 2008. **Lack of authentication (FRE 901)**—there is no explanation about how this screen capture was made or what it depicts. **Irrelevant (FRE 401, 402, 403)**—the date Hanginout first adopted the Hanginout mark is irrelevant to the issues in this motion, as the public was not aware of that internal adoption of the mark. "An intent to eventually commercially exploit an idea is not sufficient to confer trademark rights or meet the 'in commerce' requirement." *Schussler v. Webster,* Civ. Case No. 07cv2016 IEG, 2008 WL 4350256, at * 4 (S.D. Cal. Sept. 22, 2008), *amended and vacated in part on other grounds on reconsideration*; *see also Future Domain Corp.*, 1993 WL 270522, at *6. "Trademark rights are not established by goals and dreams." *Matrix Motor Co v. Toyota Jidosha Kabushiki Kaisha*, 290 F. Supp. 2d 1083, 1089 (C.D. Cal. 2003).

2. Paragraph 9, Exhibit 2: Screen capture of Facebook promotion.

**Objections:** **Illegible/incomplete document (FRE 1002)**—this document is not legible and appears to be incomplete. **Hearsay (FRE 802)**—this document cannot be used to assert the truth of the matter asserted, that the first day of the video shoot was March 2010. **Irrelevant (FRE 401, 402, 403)**—the first date of Hanginout's video shoot with Shawne Merriman is irrelevant to the issues in this motion, as the public was not aware of that private shoot. "An intent to eventually commercially exploit an idea is not sufficient to confer trademark rights or meet the 'in commerce' requirement." *Schussler v. Webster,* Civ. Case No. 07cv2016 IEG, 2008 WL 4350256, at * 4 (S.D. Cal. Sept. 22, 2008), *amended and vacated in part on other grounds on reconsideration*; *see also Future Domain Corp.*, 1993 WL 270522, at

-2- Case No. 13-CV-2811 AJB NLS
GOOGLE'S OBJECTIONS TO DECLARATION AND EXHIBITS SUBMITTED BY PLAINTIFF HANGINOUT
IN SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION

*6. "Trademark rights are not established by goals and dreams." *Matrix Motor Co v. Toyota Jidosha Kabushiki Kaisha*, 290 F. Supp. 2d 1083, 1089 (C.D. Cal. 2003).

3. Paragraph 17: "By the end of May 2011, over 200 customers had registered for and used Version 1.0 of the HANGINOUT Q&A platform. Presently there are nearly 8,000 registered customers. **Objection: Lacks Foundation (FRE 602)**—there is no explanation of how Mr. Malone has knowledge of these statements and there is no documentary evidence to support them.

4. Paragraph 20, Exhibit 9: October 24, 2011 video of Carl DeMaio. **Objection: Irrelevant (FRE 401, 402, 403)**—uses of HANGINOUT after June 28, 2011 are irrelevant to the issue of whether Hanginout has enforceable U.S. trademark rights that it can assert against Google.

5. Paragraph 21, Exhibit 10: April 10, 2012 AppAnnie overview of Hanginout Pro Application. **Objection: Hearsay (FRE 802)**—this document cannot be used to assert the truth of the matter asserted, namely what the Hanginout Pro application's capabilities were. **Irrelevant (FRE 401, 402, 403)**—uses of HANGINOUT after June 28, 2011 are irrelevant to the issue of whether Hanginout has enforceable U.S. trademark rights that it can assert against Google.

6. Paragraph 22, Exhibit 11: App Details for Mitchie Brusco's HANGINOUT App. from July 6, 2012. **Objection: Hearsay (FRE 802)**—this document cannot be used to assert the truth of the matter asserted, namely the purpose and uses of the HANGINOUT app. **Irrelevant (FRE 401, 402, 403)**—uses of HANGINOUT after June 28, 2011 are irrelevant to the issue of whether Hanginout has enforceable U.S. trademark rights that it can assert against Google.

7. Paragraph 23, Exhibit 12: July 19, 2012 ESPN article. **Objection: Irrelevant (FRE 401, 402, 403)**—uses of HANGINOUT after June 28, 2011 are

irrelevant to the issue of whether Hanginout has enforceable U.S. trademark rights that it can assert against Google.

8. Paragraph 24: "Apple chose to feature the HANGINOUT App." **Objections: Vague**—no explanation for what "Apple chose to feature" the app means. **Lack of foundation (FRE 602)**—provides no explanation for Mr. Malone's knowledge of this information, and there is no documentary evidence in support.

9. Paragraph 25, Exhibit 13: September 18, 2012 iSnoops "endorsement." **Objection: Irrelevant (FRE 401, 402, 403)**—uses of HANGINOUT after June 28, 2011 are irrelevant to the issue of whether Hanginout has enforceable U.S. trademark rights that it can assert against Google.

10. Paragraph 26, Exhibit 14: "On September 28, 2012, AppAnnie ranked the HANGINOUT Application fourth in the United States and first in Sweden in the featured social-media category." **Objections: Inaccurate description of the document**—the document indicates that the application was ranked in the "new" social media category. **Irrelevant (FRE 401, 402, 403)**—any rankings of HANGINOUT outside of the United States or uses of HANGINOUT after June 28, 2011 are irrelevant to the issue of whether Hanginout has enforceable U.S. trademark rights that it can assert against Google.

11. Paragraph 27, Exhibit 15: November 1, 2012 twitter message from Sean Combs. **Objection: Irrelevant (FRE 401, 402, 403)**—uses of HANGINOUT after June 28, 2011 are irrelevant to the issue of whether Hanginout has enforceable U.S. trademark rights that it can assert against Google.

12. Paragraph 30, Exhibit 17: Google Analytic report for Hanginout's Audience Overview between September 15, 2012 and December 23, 2013. **Objection: Irrelevant (FRE 401, 402, 403)**—uses of HANGINOUT after June 28, 2011 are irrelevant to the issue of whether Hanginout has enforceable U.S. trademark rights that it can assert against Google.

-4- Case No. 13-CV-2811 AJB NLS
GOOGLE'S OBJECTIONS TO DECLARATION AND EXHIBITS SUBMITTED BY PLAINTIFF HANGINOUT IN SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION

13. Paragraph 31, Exhibit 18: Google Analytic report for Hanginout's International usage between September 15, 2012 and December 23, 2013.

**Objection: Irrelevant (FRE 401, 402, 403)**—any usage of HANGINOUT outside of the United States or after June 28, 2011 is irrelevant to the issue of whether Hanginout has enforceable U.S. trademark rights that it can assert against Google.

14. Paragraph 32, Exhibit 19: Google Analytic report for Hanginout's United States usage between September 15, 2012 and December 23, 2013.

**Objection: Irrelevant (FRE 401, 402, 403)**—uses of HANGINOUT after June 28, 2011 is irrelevant to the issue of whether Hanginout has enforceable U.S. trademark rights that it can assert against Google.

15. Paragraph 33, Exhibit 20: Google Analytic report for Hanginout's California usage between September 15, 2012 and December 23, 2013.

**Objection: Irrelevant (FRE 401, 402, 403)**—uses of HANGINOUT after June 28, 2011 are irrelevant to the issue of whether Hanginout has enforceable U.S. trademark rights that it can assert against Google.

16. Paragraph 34: "The Google Analytic Reports confirm that the Hanginout Application was . . . viewed by consumers in 112 countries throughout the world." **Objection: Irrelevant (FRE 401, 402, 403)**—any views of HANGINOUT outside of the United States or after June 28, 2011 are irrelevant to the issue of whether Hanginout has enforceable U.S. trademark rights that it can assert against Google.

17. Paragraph 35: "Since the HANGINOUT platform's September 12, 2012 launch through December 23, 2013, the HANGINOUT Application was viewed 1,047,549 times. Additionally, 87.5 percent of visitors have returned to view the app." **Objections: Vague**—does not explain what it means to "view" the app or differentiate between the "platform" and the "application." **Irrelevant (FRE 401, 402, 403)**—any views that occurred outside of the United States or after

June 28, 2011 are irrelevant to the issue of whether Hanginout has enforceable U.S. trademark rights that it can assert against Google.

18. Paragraph 36: "As of December 23, 2013, the HANGINOUT Application was viewed by at least one consumer in 112 countries." **Objection: Irrelevant (FRE 401, 402, 403)**—any views that occurred outside of the United States or after June 28, 2011 are irrelevant to the issue of whether Hanginout has enforceable U.S. trademark rights that it can assert against Google.

19. Paragraph 37: Numbers of visits from California consumers. **Objection: Irrelevant (FRE 401, 402, 403)**—any visits after June 28, 2011 are irrelevant to the issue of whether Hanginout has enforceable U.S. trademark rights that it can assert against Google.

20. Paragraph 40, Exhibit 23: AppAnnie printout with release and upgrade dates of Google's Hangouts Application. **Objection: Hearsay (FRE 802)**—cannot be used to assert the truth of the matter asserted, namely the release and upgrade dates of Google's Hangouts Application.

21. Paragraph 41, Exhibit 24: Screen capture for the top Google search-engine results for What is Google Hangouts. **Objection: Incomplete (FRE 1002)**—this document appears to be an incomplete version of a Google search results page.

22. Paragraph 45, Exhibit 28: Statistics regarding downloads of the Hanginout App, the Hanginout Pro App and the Hanginout with Mitchie Brusco App. **Objection: Irrelevant (FRE 401, 402, 403)**—any downloads that occurred outside of the United States or after June 28, 2011 are irrelevant to the issue of whether Hanginout has enforceable U.S. trademark rights that it can assert against Google.

DATED: March 21, 2014          Respectfully submitted,

    /s/ Margret M. Caruso
Margret M. Caruso
Cheryl A. Galvin
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP

Attorneys for Defendant Google Inc.

# CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2014, I will cause to be filed the foregoing **GOOGLE'S OBJECTIONS TO DECLARATION AND EXHIBITS SUBMITTED BY PLAINTIFF HANGINOUT IN SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION** with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to counsel for Plaintiff Hanginout, Inc.

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Margret M. Caruso
Margret M. Caruso
Attorneys for Defendant Google Inc.
margretcaruso@quinnemanuel.com