UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANGINOUT, INC., a Delaware corporation,<br><br>　　　　　　　Plaintiff,<br>v.<br>GOOGLE, INC., a Delaware corporation,<br><br>　　　　　　　Defendant. | Case No.13cv2811 AJB (NLS)<br><br>ORDER GRANTING GOOGLE INC.'S MOTION TO FILE DOCUMENTS UNDER SEAL<br><br>(Doc. No. 28) |

Presently before the Court is Defendant Google, Inc.'s ("Google") motion to file under seal limited portions of: (i) Google's Memorandum of Points and Authorities in Support of its Opposition to Plaintiff Hanginout, Inc.'s ("Hanginout") Motion for Preliminary Injunction; (ii) the Declaration of Matthew Leske submitted in support thereof; and (iii) the Declaration of Ellery Long submitted in support thereof. (Doc. No. 28.) Google has filed public redacted versions of the above listed documents and lodged unredacted versions with the Court. For the reasons set forth below, the Court GRANTS Google's motion to file under seal. (Doc. No. 28.)

## **DISCUSSION**

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). In order to overcome this strong presumption in favor of public access, a party seeking to seal a judicial record must

articulate justifications for sealing that outweigh public policy favoring disclosure. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A party seeking to seal documents attached to a non-dispositive motion must demonstrate "good cause," *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010), whereas a party seeking to seal documents attached to a dispositive motion must articulate a compelling reason to do so, *Valley Broad. Co. v. U.S. Dist. Ct. for Dist. of Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986). A motion for preliminary injunction, as is currently pending before the Court, is not a dispositive motion. *In re Nat'l Sec. Agency Telecomms. Records Litig.*, MDL No. 06-1791 VRW, 2007 WL 549854, at *4 (N.D. Cal. Feb. 20, 2007).

Here, Google seeks to seal selected portions of documents filed in support of its opposition to Hanginout's motion for preliminary injunction on the basis that public access to this information would put Google at a competitive disadvantage because it would reveal information about Google's advertising expenditures, the scope and reach of certain products offered by Google, and the amount of time and money Google has invested in the creation of certain products. In support, Google attached the Declaration of Matthew Leske (Leske"), the Product Manager of Hangouts by Google Sweden AB, and the Declaration of Ellery Long ("Long"), the Product Marketing Manager of Hangouts. (Doc. No. 28, Exs. 1, 2.) Both Leske and Long declare that public exposure of such confidential information, which includes the number of mobile devices that have the Hangouts app installed, the number of uses and users of Hangouts and Hangouts On Air, and the amount of time and money Google has invested in creating Hangouts is non-public information, the disclosure of which would put Google at a competitive disadvantage. (Doc. No. 28, Ex. 1 at ¶¶ 3–5; Doc. No. 28, Ex. 2 at ¶¶ 3–4.) Counsel for Google represents that they have conferred with counsel for Hanginout and Hanginout will not oppose the pending motion to seal. (Doc. No. 3 at 3:1–2.)

After a review of the information Google seeks to seal and the documents filed in support of the pending motion, the Court finds Google has set forth "good cause" for limiting public access to the information. *See Algarin v. Maybelline, LLC*, No. 12CV3000 AJB DHB, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014) ("Where a party shows that its documents contain sources of business information that might harm its competitive standing, the need for public access to the records is lessened."). Moreover, the Courts finds Google has carefully redacted only the portions of the opposition and supporting declarations it deems confidential, and left the remaining portions of the documents accessible to the public. Accordingly, at this stage in the proceeding, the Court GRANTS Google's motion to seal. (Doc. No. 28.) Because Google has already filed redacted versions of the lodged documents it seeks to seal no further action in conjunction with this motion is necessary.

IT IS SO ORDERED.

DATED: March 24, 2014

Hon. Anthony J. Battaglia
U.S. District Judge